```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
             WESTERN DIVISION
```
_____

| | |
|---|---|
| **PURITA CROSBY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    No. 20-2847-TLP-tmp |
| | ) |
| **CORECIVIC,** | ) |
| | ) |
|     **Defendant.** | ) |

_____

**REPORT AND RECOMMENDATION**
_____

On November 19, 2020, plaintiff PuRita Crosby filed a *pro se* complaint against CoreCivic, asserting violations of Title VII and the Age Discrimination in Employment Act ("ADEA").[1] (ECF No. 1.) Crosby also filed a motion for leave to proceed *in forma pauperis*, which the undersigned granted on December 1, 2020. (ECF Nos. 2 & 6.) Accordingly, the court must screen the complaint pursuant to 28 U.S.C. § 1915. For the reasons stated below, it is recommended that the complaint be dismissed.

             **I.    PROPOSED FINDINGS OF FACT**

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

Plaintiff PuRita Crosby asserts Title VII and ADEA claims against CoreCivic using the court's standardized form for *pro se* litigants seeking to bring employment discrimination claims. (ECF No. 1.) In the portion of the form designated for alleging discriminatory conduct, Crosby checked boxes corresponding to termination of employment and unequal terms and conditions of employment. (Id. at 3.) Crosby alleges that these discriminatory acts occurred from December 2018 to March 2019. (Id.) In the section of the form related to the basis for the discrimination, Crosby checked boxes for race, gender, and age. (Id. at 4.) Crosby alleges that CoreCivic discriminated against her because she is an African-American female born in 1960. (Id.)

CoreCivic hired Crosby as a Health Services Administrator on July 31, 2018. (Id.) According to the complaint, from December 2018 to March 2019, Crosby "received several notices of concerns and several two-way memos, from [a] black male, contract monitor, for alleged performance issues." (Id.) Crosby asserts that she "made a protected protest" on the U.S. Marshals complaint website on February 15, 2019, but no action was taken as a result. (Id.) According to the complaint, Crosby was "placed on a [performance improvement plan] for alleged performance issues" on January 15, 2019, after which she was suspended "for alleged performance issues" from January 24, 2019 to February 4, 2019. (Id.) According

to Crosby, CoreCivic gave her the option to step down from position or resign on March 14, 2019. (Id.) Crosby decided to resign. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Section 1915 Screening

Pursuant to § 1915, in proceedings *in forma pauperis*, the court shall dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (internal quotation marks omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While the court must view the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice."

In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).

Although courts construe *pro se* complaints liberally, "[t]he basic pleading essentials are not abrogated in *pro se* cases." Matthews v. City of Memphis, No. 2:14-cv-02094, 2014 WL 3049906, at *3 (W.D. Tenn. July 3, 2014) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). In other words, even *pro se* complaints must satisfy the plausibility standard. See Barnett, 414 F. App'x at 786. "Courts 'have no obligation to act as counsel or paralegal' to *pro se* litigants." Matthews, 2014 WL 3049906, at *3 (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a *pro se* litigant's claim for him." Id. (quoting Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003)).

**B.  Title VII Claims**

Title VII prohibits discrimination by employers "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1). "The essential elements of a Title VII race-discrimination claim are: (1) that the plaintiff is a member of a

protected group; (2) that he was subjected to an adverse employment action; (3) that he was qualified for the position; and (4) that either similarly situated, non-protected employees were treated more favorably or he was replaced by someone outside his protected class." Hood v. City of Memphis Pub. Works Div., No. 17-2869, 2018 WL 2387102, at *3 (W.D. Tenn. Jan. 8, 2018) (citing Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 363 (6th Cir. 2010)). In order to state a claim of race or gender discrimination under Title VII, a plaintiff must plead facts from which the court can infer that the employer's wrongful conduct related to the plaintiff's race or gender. See Williams v. USW, AFL-CIO, Local 7697, No. 1:09-cv-743, 2010 WL 909883, at *5 (S.D. Ohio Mar. 10, 2010); see also Hood, 2018 WL 2387102, at *3 ("Title VII does not protect against a generally abusive working environment.").

The complaint fails to state a Title VII claim for race or gender discrimination because Crosby does not plausibly allege any instances of race-based or gender-based discrimination. The complaint does not include sufficient factual allegations to permit an inference of discriminatory conduct or any unequal terms and conditions of her employment. Similarly, to the extent Crosby seeks to assert a Title VII wrongful termination claim, the complaint fails to state a claim because Crosby does not plausibly establish any wrongful or discriminatory basis for her

termination. Crosby does not provide any factual allegations connecting her termination to her race or gender. Accordingly, it is recommended that Crosby's Title VII claims be dismissed.

**C.  ADEA Claims**

The ADEA prohibits employers from discharging or discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). To state a claim under the ADEA, a plaintiff must plausibly establish that the employer discriminated against or discharged the plaintiff on the basis of his or her age. See Williams, 2010 WL 909883, at *5; see also Allen v. Highlands Hosp. Corp., 545 F.3d 387, 394 (6th Cir. 2008). As with Crosby's Title VII claims, the complaint fails to state a claim under the ADEA because it provides no basis to infer that CoreCivic discriminated against her or discharged her because of her age. See Williams, 2010 WL 909883, at *5 (finding that a complaint fails to state a claim under Title VII or the ADEA where the plaintiff "pleads no facts from which the Court can infer that [the employer]'s conduct was motivated by race- or age-animus."). The complaint contains no factual allegations connecting Crosby's age to her termination or any alleged wrongful conduct she attributes to CoreCivic. Accordingly, it is recommended that Crosby's ADEA claims be dismissed.

## III. RECOMMENDATION

For the above reasons, the court recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 1, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**