IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PURITA CROSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02847-TLP-tmp |
| v. ) | |
| ) | |
| CORE CIVIC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff sues pro se alleging Defendant Core Civic violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. (ECF No. 1.) And under Administrative Order No. 2013-05, the Court referred this case to the United States Magistrate Judge for management and for all pretrial matters. The Magistrate Court screened the complaint under 28 U.S.C. § 1915 to determine whether Plaintiff stated a claim for which relief may be granted. (ECF No. 7.) The Magistrate Court issued a Report and Recommendation ("R&R") recommending that this Court dismiss Plaintiff's complaint. (*Id.*) And this Court **ADOPTS** the R&R in full and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

**THE REPORT AND RECOMMENDATION**

In its R&R, the Magistrate Court summarized the complaint. (ECF No. 7.) Plaintiff brought her claims using the Court's standard form for pro se plaintiffs bringing employment discrimination claims. (*Id.* at PageID 20.) The Magistrate Court noted that she checked boxes on the form, but she did not actually allege any instances of discrimination in her complaint. (*Id.*) In one paragraph, Plaintiff explained that Defendant employed her as a Health Services

Administrator.  (*Id.*)  She alleged that a black male sent her memos about performance issues and that Defendant placed her on an improvement plan.  (*Id.*)  Eventually, Defendant gave her the option to step down from her position or resign, and she resigned.  (*Id.* at PageID 20–21.)

In screening Plaintiff's complaint, the Magistrate Court outlined the standards for Title VII claims as well as ADEA claims.  (*Id.* at 22–24.)  But the Court explained that Plaintiff did not satisfy those standards because she failed to provide factual allegations connecting Defendant to discriminatory conduct.  (*Id.*)  For that reason, the Magistrate Court recommended this Court dismiss Plaintiff's complaint.  (*Id.* at PageID 25.)

## **DISPOSITION**

When a Magistrate Court issues an R&R, "[a] party may serve and file objections to the order within 14 days after being served with a copy."  Fed. R. Civ. P. 72(a).  When reviewing an R&R,

> [a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(3).

And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy."  *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.

1991)).  Also, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [court]" absent compelling reasons.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Here, Plaintiff objected to the Magistrate Court's R&R.  (ECF No. 8.)  In her objection, she included descriptions of alleged discriminatory incidents.  (*See id.*)  The problem is that she did not present these allegations to the Magistrate Court, and so, it did not have the opportunity to address these issues.  What is more, Plaintiff cannot raise new issues or arguments at this stage.  *See Murr*, 200 F.3d at 902 n.1.  Thus, the Court cannot now consider Plaintiff's new factual allegations.

## CONCLUSION

For the above reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 8), and **ADOPTS** the R&R in its entirety.  (ECF No. 7).  Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE**.

**SO ORDERED**, this 11th day of February, 2021.

                                           s/Thomas L. Parker
                                           THOMAS L. PARKER
                                           UNITED STATES DISTRICT JUDGE