# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| PURITA CROSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:20-cv-02847-TLP-tmp |
| v. | ) | |
| | ) | |
| CORE CIVIC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SETTING ASIDE JUDGMENT AND GRANTING LEAVE TO AMEND**

## BACKGROUND

Plaintiff sued pro se alleging Defendant Core Civic violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. (ECF No. 1.) And under Administrative Order No. 2013-05, the Court referred this case to the United States Magistrate Judge for management and for all pretrial matters. The Magistrate Court screened the complaint under 28 U.S.C. § 1915 to determine whether Plaintiff stated a claim for which relief may be granted. (ECF No. 7.) The Magistrate Court issued a Report and Recommendation ("R&R") recommending that this Court dismiss Plaintiff's complaint. (*Id.*)

In the R&R, the Magistrate Court explained that Plaintiff did not allege any discriminatory instances in her complaint. (*Id.*) Plaintiff then objected to the R&R. (ECF Nos. 8 & 9.) And there, she included descriptions of alleged discriminatory incidents "in further support of [her] claim of racial discrimination." (*See id.*) But since Plaintiff did not present these allegations to the Magistrate Court, it did not have the opportunity to address those claims.

For that reason, this Court adopted the R&R and dismissed Plaintiff's complaint without prejudice. (ECF No. 10.)

However, Plaintiff has now moved to proceed in forma pauperis and requested to have the opportunity to "re-present her case." (ECF No. 12.) In her motion, she states, "I have included . . . the evidence that I understand was not taken into consideration because it was new evidence presented outside of review of the Magistrate court. I ask the court to entertain my current presentation of information and allow me to seek justice." (*Id.*) The court construes Plaintiff's request as a motion to alter or amend judgment and to allow her to amend her complaint.

## **ANALYSIS**

Federal Rule of Civil Procedure 59 allows a party to move the court to "alter or amend a judgment" within "28 days after entry of the judgment." Fed. R. Civ. P. 59(e). Such a motion is extraordinary and sparingly granted. *See Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). And motions to alter or amend judgments under Rule 59(e) "should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010)).

Here, the Court finds that there is potential for manifest injustice, because the Court did not allow Plaintiff to amend before entering judgment. To explain, the Sixth Circuit prefers "liberality" in allowing amendment at the screening stage. *Lucas v. Chalk*, 785 F. App'x 288, 292 (6th Cir. 2019); *see Parchman v. SLM Corporation*, 896 F.3d 728, 736 (6th Cir. 2018). And the Sixth Circuit has also stated "[i]f it is at all possible that the party . . . can . . . state a claim for

relief, the court should dismiss with leave to amend." *Lucas*, 785 F. App'x at 292. (internal quotation marks omitted). Further, the Sixth Circuit "generally adheres to the doctrine that a district court faced with a complaint which it believes may be subject to dismissal must notify all parties of its intent to dismiss the complaint and give the plaintiff a chance either to amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal." *Moniz v. Hines*, 92 F. App'x 208, 211–12 (6th Cir. 2004).

Even so, "[a] plaintiff cannot use a Rule 59 motion . . . to raise arguments which could, and should, have been made" before the court issued judgment. *Leisure Caviar,* LLC, 616 F.3d at 616. And a plaintiff may not seek to amend his complaint simply to defeat dismissal under 28 U.S.C. § 1915(e)(2)—or after the court has dismissed the complaint. *Moniz*, 92 F. App'x at 212. With that in mind, a district court must vacate its earlier judgment to grant such an amendment. *Id.*

Here, the Court did not allow Plaintiff to amend before it dismissed her case. And Plaintiff attempted to elaborate on her claims in her response to the R&R—before this Court ever adopted the R&R and entered judgment. (*See* ECF Nos. 8 & 9.) So now, Plaintiff does not seek to raise new issues that should have been made before judgment, since she attempted to flesh out her claims pre-judgment. What is more, the Court did not give Plaintiff notice or a chance to amend before dismissal. At this point, the Court finds that denying Plaintiff the chance to amend could result in manifest injustice. For these reasons, the Court holds that Plaintiff may now amend her complaint.

Accordingly, this Court **SETS ASIDE** its previous judgment and **GRANTS LEAVE TO AMEND**. Plaintiff may amend her complaint within 30 days of the date of this Order. The Court **DIRECTS** that (1) Plaintiff must amend her complaint to include all claims in one

3

document, (2) Plaintiff must list each claim for relief in a separate count and identify each Defendant sued in that count, and (3) Plaintiff must allege enough facts to support each claim in the text of the amended complaint.

The Court further reminds Plaintiff that (1) an amended complaint must be complete without reference to a prior pleading, and (2) she must sign her amended complaint.

Finally, the Court **DENIES** Plaintiff's application to proceed in forma pauperis as moot, since the Magistrate Court already granted Plaintiff leave to proceed in forma pauperis in this matter.

## CONCLUSION

For the above reasons, the Court **SETS ASIDE** its previous judgment and **GRANTS LEAVE TO AMEND**. As such, the Court **ORDERS** Plaintiff to amend her complaint within thirty days of entry of this order.

**SO ORDERED**, this 7th day of April, 2021.

 s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE