IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PURITA CROSBY,      )
            )
  Plaintiff,     )
            )
v.            ) No. 20-cv-02847-TLP-tmp
            )
CORECIVIC,      )
            )
  Defendant.     )

_____

**SCHEDULING ORDER**

_____

Plaintiff PuRita Crosby and Defendant CoreCivic met and conferred pursuant to the court's order (ECF No. 20) and Federal Rule of Civil Procedure 26(f). The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** October 12, 2021.

**MOTIONS TO JOIN PARTIES:** November 22, 2021.

**MOTIONS TO AMEND PLEADINGS:** November 22, 2021.

**MOTIONS TO DISMISS:** December 20, 2021.

**ALTERNATIVE DISPUTE RESOLUTION:**

 **(a) ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** December 21, 2021.

 **(b) SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)[1]:**

---

[1] Because Plaintiff is *pro se* and proceeding *in forma pauperis*, the mediator must be selected from the Court's Mediation Panel. *Pro Se* IFP Mediation Plan 6. Mediation in this case will be governed by

**Mediator's Name:** C. Suzanne Landers
65 Union Ave
Ninth Floor
Memphis, TN 38103
901-522-1010

**COMPLETING ALL DISCOVERY:**  June 9, 2022.

  (a)  **WRITTEN DISCOVERY:**  May 10, 2022.

  (b) **DEPOSITIONS:**  June 9, 2022.

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2):**

  (a)  **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION:**  April 8, 2022.

  (b)  **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION:**  May 10, 2022.

  (c) **EXPERT WITNESS DEPOSITIONS:**  June 9, 2022.

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS:** June 24, 2022.

**SUPPLEMENTATION UNDER RULE 26(e)(1):**  June 9, 2022.

**FILING DISPOSITIVE MOTIONS:**  July 11, 2022.

**OTHER RELEVANT MATTERS:**

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have reached an agreement regarding e-discovery and hereby submit the parties' e-discovery plan for the Court's approval via the Parties' Rule 26(f) Report.

---

Section 9 of the Pro Se IFP Plan, which "caps" the mediator's fees at $1,000 based on 4 hours at $250 per hour.

The court has reviewed the Rule 26(f) report and hereby APPROVES the parties' ESI plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately two (2) - three (3) days.

The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within seven (7) days of completion of ADR, the parties shall file a notice confirming that the ADR

was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

***This order has been entered after consultation with the parties.  Absent good cause shown, the deadlines set by this order will not be modified or extended.***

**IT IS SO ORDERED,** this 30th day of September, 2021.

s/ Tu M. Pham
**TU M. PHAM**
**CHIEF UNITED STATES MAGISTRATE JUDGE**