THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

RECEIVED

2022 FEB 22   PM 9: 33

PURITA CROSBY,

        Plaintiff,

vs.

CORECIVIC OF TENNESSEE, LLC

        Defendant

No. 20-02847-TLP-tmp

APPEAL TO MOTION DISMISS

The plaintiff objects to the recommendation that CoreCivics Motion to Dismiss be granted, based on what was perceived to be an attempt to knowingly conceal the employment discrimination suit from the U.S. Bankruptcy court.  1) The plaintiff was unaware that it was her specific duty to report this lawsuit, since she was being represented by a bankruptcy attorney at the time the lawsuit was initiated and had in fact consulted with said attorney regarding recommendation of another attorney to represent her with regards to her discrimination lawsuit. Therefore, plaintiff erroneously assumed that her representing attorney would ensure that she remained in compliance with the court including informing her that this lawsuit should still be reported to the courts although the Chapter 13 Bankruptcy occurred well before the lawsuit.  Furthermore, the statement made in response to motion to dismiss stating that the Chapter 13 should lend credibility to the fact that the plaintiff believed that her current Chapter 13 had nothing to do with the employment discrimination suit. 2) While it is generally accepted that 'ignorance of the law is no defense," it was genuine lack of knowledge of the plaintiff that she had a duty to report to the court on said claim that occurred 2 years after the initial plan was approved. 3) In an indication that plaintiff did not knowingly withhold this information, plaintiff refers to when the Chapter 13 bankruptcy was initially filed in 2016 and the court inquired whether there was any source of potential revenue-plaintiff disclosed that she had several copyrighted songs on file at the time of her court appearance and offer this as an argument that there was no deliberate attempt to conceal or fail to report to hide or conceal potential resources, since it would be reasonable to

APPEAL TO MOTION DISMISS - 1

conclude she would have withheld this information as well if that were the case. 4) The plaintiff will also point to the fact that when filing pro se-she did notify the court that she was currently under Chapter 13 bankruptcy in her application again indicating there was no attempt to conceal information from the courts. 5) Finally having reviewed *Court in State of Minnesota v Mikulak* although it was regarding a criminal case-the plaintiff would argue that part of the opinion could apply here: "*When charged offense prohibits a knowing violation of a statutory provision, ignorance of the law is a defense because it negates the existence of the required mens rea*"(syllabus Court in State of Minnesota v. Mikulak). "*Because ignorance of the law is a defense when the charged offense prohibits a knowing violation of a statutory provision, we reverse the court of appeals and remand to the district court for further proceeds consistent with this opinion*" (part of opinion Court in State of Minnesota v. Mikulak). It is with these arguments that I object to the motion to dismiss that was not based on failure to present sufficient factual evidence to support the claim, but rather on a rule that the plaintiff had no knowledge of and was not made aware of by her bankruptcy attorney in this case.

Appeal to Motion to Dismiss granted to Defendant CoreCivic's filed Motion to Dismiss

18th Day of February 2022

PuRita Crosby, Plaintiff
*PuRita Crosby*
18 February 2022

APPEAL TO MOTION DISMISS - 2