IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PURITA CROSBY, | ) |
| Plaintiff, | ) |
| | ) No. 2:20-cv-02847-TLP-tmp |
| v. | ) |
| CORE CIVIC, | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff PuRita Crosby sued Defendant Core Civic, pro se, for violating Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. (ECF No. 1, 14.) Under Administrative Order 2013–05, the Court referred this case to Chief Magistrate Judge Tu M. Pham ("Chief Judge Pham") for management of all pretrial matters. Defendant answered Plaintiff's complaint (ECF No. 18) before moving to dismiss her claims (ECF No. 24). Eventually, complying with Chief Judge Pham's order to show cause (ECF No. 27), Plaintiff responded to Defendant's motion. (ECF No. 28.)

After reviewing Plaintiff's amended complaint (ECF No. 14), Defendant's motion to dismiss (ECF No. 24), and Plaintiff's response (ECF No. 28), Chief Judge Pham issued a Report and Recommendation ("R&R")—recommending that the Court grant Defendant's motion. (ECF No. 29.) Plaintiff later objected to Chief Judge Pham's R&R (ECF No. 30) and Defendant responded in support of the R&R (ECF No. 31). Having reviewed the record, the Court **ADOPTS** the R&R in full and therefore **GRANTS** Defendant's motion to dismiss.

**BACKGROUND**

Plaintiff, a Black woman over the age of 40, alleges that Defendant and its employees discriminated against her in many ways. (*See* ECF No. 14.) That said, Defendant's motion to dismiss—and by consequence, the R&R—do not speak to the merits of Plaintiff's claims. Rather Defendant argues that the Court should dismiss Plaintiff's complaint because she is judicially estopped from pursuing this claim based on her separate bankruptcy proceeding. (ECF No. 24-1 at PageID 128.) With that in mind, the Court refrains from discussing Plaintiff's claims in detail below, as the substance of her claims is largely irrelevant to the R&R or Defendant's motion.[1]

Back in 2016, Plaintiff filed for Chapter 13 bankruptcy. (ECF No. 24-3.) At that time, Plaintiff's papers said that she did not have any money or property owed to her from legal claims against third parties. (*Id.* at PageID 161.) The Bankruptcy Court eventually finalized Plaintiff's Chapter 13 plan about a year later. (ECF No. 24-5 at PageID 209.) About a year after that, Plaintiff started working as a health services administrator ("HSA") for Defendant. (ECF No. 1 at PageID 4.)

Plaintiff alleges that Defendant and its employees started to discriminate against her about six months after she arrived, and that the discriminatory behavior went on for several months. (*Id.* at PageID 3–5.) Eventually, Plaintiff left her position with Defendant because of the alleged discriminatory treatment. (*Id.* at PageID 5.) She then filed a charge of discrimination with the EEOC a few months later, in November 2019. In turn, the EEOC issued Plaintiff a right

---

[1] Although the Court need not address the facts in this case, it acknowledges that Chief Judge Pham thoroughly outlined Plaintiff's claims in his R&R. (ECF No. 28 at PageID 255–260.) The Parties did not object to Chief Judge Pham's interpretation of the facts. (*See* ECF No. 29, 31.) So the Court accepts Chief Judge Pham's proposed findings of fact.

to sue letter in August 2020.  (*Id.* at PageID 5.)  Plaintiff was still bound by her bankruptcy plan when she filed suit here, and she failed to update her plan with information about her discrimination claims for damages in this case.  (*See* ECF No. 24-9.)

After Plaintiff filed her suit in this Court, Defendant moved to dismiss her complaint for two separate reasons.  (ECF No. 24.)  First, Defendant argued that the doctrine of judicial estoppel bars Plaintiff from bringing her claim here.  (*Id.* at PageID 132–40.)  And second, Defendant claimed that, because of her Chapter 13 bankruptcy, Plaintiff lacked standing to bring this claim independently.  (*Id.* at PageID 140–41.)  Chief Judge Pham issued an R&R, recommending that this Court grant Defendant's motion.  (ECF No. 29.)  The Court now turns to that R&R.

## **REPORT AND RECOMMENDATION**

Chief Judge Pham began the R&R by recounting Plaintiff's claims before addressing Plaintiff's Bankruptcy proceedings.  (*Id.* at PageID 255–60.)  In this section, Chief Judge Pham accurately outlined the nature of the dispute and stressed some important features of Plaintiff's bankruptcy plan.  (*Id.*)  Chief Judge Pham next discussed the proper standard of review, explained the doctrine of judicial estoppel, and stated how courts evaluate motions to dismiss.  (*Id.* at PageID 261–64.)

Next, Chief Judge Pham addressed the merits of Defendant's judicial estoppel argument.  (*Id.* at PageID 262–69.)  Applying Sixth Circuit law, Chief Judge Pham found that judicial estoppel applied here because (1) Plaintiff took a position in her bankruptcy filings contrary to her position here, (2) that the Bankruptcy Court adopted that contrary position and Plaintiff did not try to amend her bankruptcy filings, and (3) that Plaintiff's omission was not a mistake.  (*Id.* at PageID 264–69.)

In deciding that Plaintiff's omission was not a mistake, Chief Judge Pham relied on Plaintiff's motivation for concealing her legal claims to the Bankruptcy Court, and her failure to show that she did not act in bad faith. (*Id.* at PageID 267–69 (citing case law from this district ruling that a misunderstanding of a duty to disclose does not show a lack of bad faith).) Even still, Chief Judge Pham emphasized that Plaintiff "did not seek to amend her bankruptcy schedules to list the claim [against Defendant] once it arose, even when moving for the court to reduce her payment amounts in June 2020." (*Id.* at PageID 265.) So, even if the law were different, Chief Judge Pham found that Plaintiff "cannot argue that she lacked knowledge of [her claims against Defendant] while her bankruptcy claim was pending." (*Id.* at PageID 266.)

Finally, Chief Judge Pham briefly addressed Defendant's second argument for dismissal, that Plaintiff lacks standing to bring this claim considering her bankruptcy plan. (*Id.* at PageID 267–68 n.5.) Chief Judge Pham found it "unnecessary to rule on this question given the clear application of judicial estoppel," but expressed skepticism of Defendant's argument. (*Id.*)

In the end, Chief Judge Pham recommended that this Court grant Defendant's motion to dismiss on judicial estoppel grounds. (*Id.* at PageID 269.) After reviewing the R&R, Plaintiff's objection, Defendant's response, and the relevant case law, the Court agrees with Chief Judge Pham's application of judicial estoppel. The Court therefore **ADOPTS** Chief Judge Pham's R&R.

## LEGAL STANDARD

The Court looks first to the Federal Rules of Civil Procedure for guidance about R&Rs. For example, Rule 72(b)(2) states that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed,

4

the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. But the Court should review de novo "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After this review process, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* A district court need not articulate all the reasons it rejects a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also United States v. Berry*, Nos. 05-20048, 10-12633, 2011 WL 1627902, at *2 (E.D. Mich. Apr. 29, 2011) ("[O]bjections to a magistrate judge's report and recommendation must be specific challenges to the magistrate judge's conclusions."). "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also Howard*, 932 F.2d at 509 (finding that a general objection to all of a magistrate judge's report "has the same effects as would a failure to object").

What is more, a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In sum, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a

complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller*, 50 F.3d at 380). The Court will now turn to its analysis.

## DISPOSITION

About a week after Chief Judge Pham issued the R&R, Plaintiff objected, contending that her failure to amend was due to mistake or inadvertence. (ECF No. 30.) She made several arguments addressing that point, claiming: (1) that she was unaware that she had a duty to inform the Bankruptcy Court about this suit, (2) that she informed her Bankruptcy counsel about her civil suit but counsel failed to update the Bankruptcy Court, (3) that she informed the Court of her bankruptcy proceedings, indicating that she did not intend to hide anything from the Court, and (4) she fully disclosed "any source of potential revenue" to the Bankruptcy Court, indicating that she took the disclosure requirement seriously, evidencing a lack of bad faith on her part. (*Id.* at PageID 270–71.)

Defendant counters that Plaintiff's objections fail for three main reasons. (ECF No. 31.) First, Defendant argues that Plaintiff's attempts to "foist responsibility for her non-disclosure to her bankruptcy counsel," cannot foreclose judicial estoppel under Sixth Circuit law. (*Id.* at PageID 278–81.) Second, Plaintiff's objection that "she was initially unaware of the disclosure requirement" is irrelevant to judicial estoppel.[2] (*Id.* at PageID 280–82.) Third, Plaintiff's objection stating her disclosure of the Chapter 13 plan in her in forma pauperis application to this Court is also irrelevant to judicial estoppel. (*Id.* at 283–84.)

The Court finds that Plaintiff's objections are specific and timely. So the Court will apply a de novo review here. Judicial estoppel is an equitable doctrine that bars a party from

---

[2] Defendant points out that Plaintiff again filed a new Chapter 13 proceeding without disclosing the claims here. *In re Crosby*, No. 22-20730 ECF No.1 at PageID 14.

6

asserting a position that conflicts with one it has asserted under oath in a prior proceeding. *Pennycuff v. Fentress County Bd. of Educ.*, 404 F.3d 447, 453 (6th Cir. 2005). Judicial estoppel seeks to "preserve the integrity of the courts," and to prevent parties from "abusing the judicial process through cynical gamesmanship." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010) (internal quotations omitted). Courts invoke judicial estoppel to prevent a "party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Simply put, the doctrine stops litigants from having their cake and eating it too.

Considering claims of judicial estoppel in separate proceedings, like the one here, the Sixth Circuit's inquiry involves three questions: (1) did the plaintiff argue one position in the bankruptcy proceedings and a contrary position in the second court, (2) did the Bankruptcy Court adopt "the contrary position," and (3) did that omission "result from mistake or inadvertence"? *Id.* at 478. As Chief Judge Pham's R&R accurately shows, the first two steps of this inquiry are straightforward. Courts evaluate the plaintiff's bankruptcy petition to see whether she mentioned the potential claims, and then verify that the plaintiff failed to amend the petition before the Bankruptcy Court issued the plan. The first two steps are not in dispute here. The Parties agree that Plaintiff failed to amend or alert the Bankruptcy Court of these claims that arose during the Chapter 13 plan's duration. The judicial estoppel issue in this case thus turns on the third factor:

Are Plaintiff's omission of her claims against Defendant a result of mistake or inadvertence? In answering this question, the Sixth Circuit asks more questions: whether the debtor—here, Plaintiff—(1) "lacked knowledge" of the "undisclosed claims," (2) "had a motive" to conceal the claims, and (3) provided evidence pointing to "an absence of bad faith." *Id.* at

7

478; *see al*so *Kimberlin v. Dollar Gen. Corp.*, 520 F. App'x 312, 315 (6th Cir. 2013).  Having reviewed the record, the Court finds that Plaintiff's omission is not from mistake or inadvertence.

For starters, a Chapter 13 debtor is presumed to have motive for concealment, since it is "always in a Chapter 13 petitioner's interest to minimize income and assets." *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 425 (6th Cir. 2005).  When, as here, the first two steps are satisfied, the "burden of establishing absence of bad faith is on the plaintiff." *Cruse v. Sun Prods. Corp.*, 221 F. Supp. 3d 990, 997 (W.D. Tenn. 2016).  The bad-faith inquiry focuses on "any attempt to advise the bankruptcy court of an omitted claim." *Davis v. Fiat Chrysler Automobiles U.S., LLC*, 747 F App'x 309, 313 (6th Cir. 2018).  The Court looks at the "extent of these efforts, together with their effectiveness" in determining whether Plaintiff acted with bad faith.  *White*, 617 F.3d at 480.

Plaintiff produced no evidence showing that she tried to advise the Bankruptcy Court of her omitted claim.  She provided no communications, notices, or other documents that would alert the Bankruptcy Court of her claims here.  Plaintiff's objection asserts that she was unaware of her duty to disclose.  But as Chief Judge Pham observes, courts in this district have held that a misunderstanding of a duty to disclose "does not demonstrate an absence of bad faith."  (ECF No. 29 at PageID 13 (listing examples from this district).)  This is because courts take disclosure requirements seriously as they are central to the integrity of the judicial process.  *See Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988) ("[W]hen a bankruptcy court—which must protect of all creditors—approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position."); *Rosenshein v. Kleban*, 918 F. Supp. 98, 104

8

(S.D.N.Y. 1996) ("[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets.")

And, in response to Plaintiff's objections, Defendant points out that Plaintiff filed a new Bankruptcy petition for Chapter 13 protection after this issue arose before Chief Judge Pham. And yet, she still failed to disclose her claims against Defendant here. (ECF No. 31 at PageID 282–83 n.3 (citing *In re Crosby*, No. 22-20730, [Dkt. 1 at 14] (Bankr. W.D. Tenn. Mar. 1, 2022).)  In fact, the new petition for bankruptcy, signed by Plaintiff, was filed eight days after Plaintiff acknowledged in her objection that "it was her specific duty to report this lawsuit," to the Bankruptcy Court. *See id.*; (ECF No. 30 at PageID 270.)  Yet Plaintiff again answered "No" in response to the form's query for "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment[.]" *In re Crosby*, No. 22-20730, [Dkt. 1 at 14.] (Bankr. W.D. Tenn. Mar. 1, 2022).  The form even includes "employment disputes" as an example of a "[c]laim against third parties[.]" *Id.*

The Court acknowledges that Defendant did not raise this fact before Chief Judge Pham. But Defendant could not have done so—Plaintiff filed her new bankruptcy petition on March 1, 2022, which post-dated Chief Judge Pham's R&R entered on February 14, 2022. *Id.*  For this reason, along with the significance of Plaintiff's continued failure to disclose this claim to the Bankruptcy Court, the Court finds there is compelling reason to consider this fact for this R&R's disposition.  The Court finds that Plaintiff's latest Bankruptcy petition further shows that her omission did not result from mistake or inadvertence.

Plaintiff has not met her burden of showing a lack of bad faith under Sixth Circuit precedent.[3]  And her continued failure to disclose emphasizes a disregard for the integrity of our judicial system.  The Court therefore finds that judicial estoppel is appropriate here.

## CONCLUSION

The Court adopts Chief Judge Pham's R&R in full and **GRANTS** Defendant's motion to dismiss **WITH PREJUDICE**.

**SO ORDERED**, this 12th day of February, 2023.

  s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[3] Although this case is not a good example, the Sixth Circuit's approach to judicial estoppel cases can lead to harsh outcomes.  This Court noted before the "danger that courts could prematurely dismiss an action without developing much of a record about the plaintiff's motives." *Middleton v. Voigt & Schweitzer LLC*, No. 2:20-cv-2015-TLP-atc, 2021 WL 4499452, at *5 (W.D. Tenn. Sept. 30, 2021).  For example, a court may apply judicial estoppel in dismissing a suit even when a debtor later tries to fix their mistake. *Id.* (citing *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 481 (6th Cir. 2010); *Newman v. University of Dayton*, 751 F. App'x 809, 814–15 (6th Cir. 2018).)  The Court endorsed adopting the Eleventh Circuit's broader approach for judicial estoppel, and it continues to do so here. *See id.* at *6.  But the Court must follow the Sixth Circuit's precedent, as it does in this case.